UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,   BANKR. CASE NO. 02-54689
                Debtor.
_____/

JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,   CIVIL CASE NO. 05-40241

                Plaintiff,
v.                                                              HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
ADELL BROADCASTING CORP., et al.,

                Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO APPEAL

Before this Court is Defendants' motion for leave to appeal, filed on July 22, 2005. Defendants seek to appeal the July 8, 2005 order of United States Bankruptcy Judge Steven W. Rhodes that denied Defendants' motion for disqualification. For the reasons stated below, the Court will deny Defendants' motion for leave to appeal.

Defendants first seek leave to appeal the order pursuant to 28 U.S.C. § 158(a)(3). "The decision whether to grant the defendants' leave to appeal under § 158(a) is left to the discretion of court." *In re Southern Industrial Banking,* 70 B.R. 196, 200 (E.D. Tenn. 1986). The standard the Court applies is similar to certification of an interlocutory appeal to the court of appeals under 28 U.S.C. 1292(b), "that is, whether the issue involves a controlling issue of law, whether there is substantial ground for difference of opinion on that issue of law, and whether an immediate appeal from the order will materially advance the ultimate termination of litigation." *In re: Rcn*

*Anlagenivestitionen Frodsgesellschaft II- Kommanditgesellschaft* 118 B.R. 460, 463 (W.D. Mich. 1990).  Because this Court determines that neither of these three situations exist, and because the decision to grant or deny Defendants' motion is within this Court's discretion, the Court will deny Defendants' motion.

Next, Defendants asks the Court to determine that the July 8, 2005, order is a final order.  If this Court were to find the order final, Defendants would be able to appeal as a matter of right under 28 U.S.C. § 158(a)(1).  However, "[a] final judgment or order generally ends the litigation on its merits and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States,* 324 U.S. 229, 233 (1945).  This Court finds that Judge Rhodes's July 8, 2005 order is not final because it merely denied Defendants' motion for Judge Rhodes to recuse himself.  The order hardly ended the underlying litigation on its merits nor did it leave anything for the Court to do but execute judgment.  Since the order was not final, it cannot be appealed as a matter of right.

Furthermore, although not necessary to the disposition of this motion, the Court feels compelled to point out that, contrary to Defendants' assertion, Judge Rhodes's finding that "Adell has actively participated with his employers in a scheme to evade JHR's garnishments on his income," in no way demonstrates an actual or implied bias by Judge Rhodes towards Defendants, especially when examined against the record before the bankruptcy court.

**ACCORDINGLY IT IS HEREBY ORDERED** that Defendants' motion for leave to appeal [docket entry 2] is **DENIED.**

**SO ORDERED.**

Dated:   February 28, 2006              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   February 28, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Laurel A. Haskell; Norman C. Ankers                                          .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845